UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROOSEVELT J. EDWARDS,

       Plaintiff,

v.                                                                          Case No. 3:26-cv-425-MMH-PDB

WARDEN POLK, et al.,

       Defendants.

_____

## **ORDER**

Plaintiff Roosevelt J. Edwards, an inmate of the Florida penal system, initiated this action by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1). The Defendants he seeks to sue are unclear, because the list of Defendants in the case caption is not the same as that in Section I.B. of the Complaint Form. See Complaint at 1–3. However, altogether, he mentions as Defendants the following: C. Bailey, Chaplain of Florida State Prison (FSP); Warden Polk; Assistant Warden Godwin; Assistant Warden McClellan; and the "Department" of FSP. Id.

Edwards's claims and allegations are even more unclear than his intended Defendants. As best as the Court can discern, Edwards complains that Jewish inmates requesting to observe Passover are only permitted to do so if they are already approved for the Religious Diet Program (RDP) or

Certified Food Option (CFO), but Muslim inmates who wish to observe Ramadan are not similarly restricted. Id. at 3–4. He says the rule violates his rights under the First, Eighth, and Fourteenth Amendments because he is not able to freely exercise his religion, it constitutes "cruel and unusual punishment" or a "hate crime," and it denies him equal protection. Id. As relief, he asks to be transferred to a different correctional institution and "to place a lawsuit against all party [sic] and [FSP]." Id. at 5.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[1] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless."

---

[1] Edwards requests to proceed as a pauper. See Motion (Doc. 2).

2

Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to

4

include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Edwards's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an

5

otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Edwards's Complaint is subject to dismissal pursuant to the Court's screening obligation. As an initial matter, the Court finds his Complaint constitutes an impermissible shotgun pleading because it "fail[s] to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015). In particular, his Complaint is "replete with conclusory, vague" allegations, and he does not specify which claim(s) he seeks to bring against which Defendant or the allegations supporting his separate claims. See id. at 1322–23. He also does not specify which Defendant is responsible for the rule or decision of which he complains.

Aside from being a shotgun pleading, Edwards's Complaint is due to be dismissed for another reason. As noted, his allegations are exceedingly unclear and conclusory, amounting to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. See also Tani v. Shelby Cnty., Ala., 511 F. App'x 854, 857 (11th Cir. 2013) (affirming dismissal of a complaint that alleged, as labels and conclusions, violations of various

6

constitutional rights with no supporting facts to "explain what actions caused which violations"). He identifies the First, Eighth, and Fourteenth Amendments as the sources of constitutional protections Defendants allegedly violated. However, because he alleges interference with his religious practice and unequal protection, only the First and Fourteenth Amendments plausibly could apply.

"To plead a valid free exercise claim, [Edwards] must allege that the government has impermissibly burdened one of his 'sincerely held religious beliefs.'" Watts v. Florida Intern. Univ., 495 F.3d 1289, 1294 (11th Cir. 2007) (quoting Frazee v. Ill. Dep't of Emp. Sec., 489 U.S. 829, 834 (1989)). Generally, a prison rule that merely inconveniences an inmate does not impermissibly burden the inmate's sincerely held religious beliefs. See Dorman v. Aronofsky, 36 F.4th 1306, 1314 (11th Cir. 2022) ("[A] substantial burden is 'more than an inconvenience' and is 'akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly[.]'").[3]

Accepting that Edwards has a sincerely held religious belief, he does not allege that the challenged prison rule "has impermissibly burdened" his ability

---

[3] The "substantial burden" standard applies to RLUIPA claims, but RLUIPA "provides greater religious protection than the First Amendment." Dorman, 36 F.4th at 1313. Thus, if a plaintiff does not allege a violation under the heightened RLUIPA standard, he does not do so under the First Amendment.

to practice his religion. See Watts, 495 F.3d at 1294. Notably, he does not clearly or overtly allege he submitted a proper request to participate in Passover, but the request was denied because he is not approved for RDP or CFO. See Complaint at 4. To the extent he submitted a request to participate in Passover, but the request was denied based on the challenged rule, he does not allege the rule results in more than an inconvenience to his religious practice. See Dorman, 36 F.4th at 1314. As such, he has not alleged a plausible First Amendment violation.

"To establish an equal protection claim, a prisoner must demonstrate that (1) "he is similarly situated with other prisoners who received" more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001). A prisoner also must show the decisionmaker "acted with discriminatory purpose." McCleskey v. Kemp, 481 U.S. 279, 292 (1987).

Accepting that Edwards—a Jewish inmate who observes Passover—is similarly situated to a Muslim inmate who observes Ramadan, and prison officials make it easier for Muslim inmates to participate in Ramadan than for Jewish inmates to participate in Passover, Edwards alleges no facts permitting the reasonable inference that such a rule was made with discriminatory purpose. See Muhammad v. Sapp, 388 F. App'x 892, 899 (11th Cir. 2010)

(affirming summary judgment in favor of the defendants where the plaintiff did not "establish that the prison's decision to serve kosher meals [to Jewish inmates] but not halal meals [to Muslim inmates] was the product of intentional discrimination").

Moreover, as previously noted, Edwards does not allege which Defendant is responsible for implementing or applying the rule, nor does he allege a particular Defendant decided he could not participate in Passover because he is not approved for RDP or CFO. In other words, he does not allege a prison official treated him—a Jewish inmate—less favorably than a similarly situated Muslim inmate vis-à-vis a request to participate in a religious observance. Edwards's general challenge to a prison rule that he only vaguely describes as being unfair is insufficient to state a plausible claim under the Equal Protection clause.

Therefore, it is now **ORDERED:**

1.      This case is **DISMISSED without prejudice**.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

3.      The **Clerk** is directed to send Edwards a blank civil rights complaint form (prisoners filings). If Edwards chooses to refile his claims, he should use the provided form, but he should not write this case number on the

form. The Clerk will assign a new case number upon receipt of a new complaint.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of March, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-6
c:   Roosevelt J. Edwards